IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | § CRIMINAL NO. A-10-CR-163 LY |
| | § |
| JEFFREY WAYNE ALEXANDER | § |

INTERIM REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on October 12, 2010, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On June 9, 2003, the Defendant was sentenced in the Northern District of Texas to a 63 month term of imprisonment, followed by five years of supervised release, for the offense of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841. The Defendant was released from the Bureau of Prisons on January 4, 2008, and began supervision. He moved to Austin in June 2008, and jurisdiction over his supervision was transferred to this Court on March 17, 2010.

Beginning in late 2009, the Defendant began to have problems with alcohol use. In December 2009, he was referred to a 12 step program as a result of his appearance at the Probation Office

smelling of alcohol, and his admission to heavy alcohol use the night before. On February 27, 2010, a home visit by the Probation Office resulted in the officer finding an eviction notice posted on the door, and learning that the Defendant had relocated without notice. Another home visit was conducted in April 2010, and the Defendant again smelled of alcohol and admitted to alcohol use. He was then referred to outpatient substance abuse treatment. Finally, on August 30, 2010, the Defendant was arrested and charged with DWI. That case remains pending in Travis County at the present time. The Defendant also missed a number of group sessions and drug testing appointments between May and August 2010.

Based on the above, on September 17, 2010, the Probation Office submitted a petition for warrant. On that same date the undersigned ordered that a summons be issued, and the Defendant appeared on that summons on September 28, 2010, at which time counsel was appointed and a final hearing was scheduled for October 12, 2010.

On October 12, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the complaint.
2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14. The Defendant violated conditions of his supervised release by: (1) consuming alcohol; and (2) failing to participate in counseling sessions and provide urine samples as required.

15. The Court makes no finding at this time as to whether the Defendant violated his supervised release by committing a new law violation, as the state DWI case has not been resolved, and the Defendant made no admissions regarding that matter.

### III. RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant, and believes that the best course of action in this case is to not make a final ruling on the Petition at this time, but rather to defer ruling until the DWI case is resolved. In the meantime, the Court RECOMMENDS that the Defendant's conditions be modified to include the following conditions:

1. The Defendant have installed on his vehicle an interlock device which prevents operation of the vehicle if the Defendant has consumed alcohol.

2. The Defendant is prohibited from operating any vehicle other than the vehicle with the interlock device, except that the Defendant may operate other vehicles at his place of employment (Jiffy Lube), only as required in his job, and only on Jiffy Lube's property.

The Court FURTHER RECOMMENDS that the District Judge take no action on the Probation Office's Petition until the Defendant's state DWI charge is resolved, at which time the undersigned will submit a supplemental recommendation addressing that issue. The Probation Office is directed to monitor that case and advise the Court when the state DWI charge is resolved.

Finally, the Court warned the Defendant that his actions would be closely scrutinized while the Petition remains pending, and if he again violated his conditions, the Court would have no choice but to enforce its orders with more serious sanctions.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of October, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE